José Abraham Torres, Plaintiff and Appellee, v. Joaquín Díaz, Defendant and Appellant.

No. 6396. Argued June 10, 1933.—Decided July 11, 1933.

*G. López de Victoria* for appellant.   *O. Souffront* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The plaintiff and appellee, José Abraham Torres, asks us to dismiss this appeal, taken by the defendant from an order of the District Court of Mayagüez adjudging said defendant to pay the amount of $400 for attorney's fees, and $29 for costs and disbursements. The plaintiff urges that the notice of appeal is addressed to Mr. Oscar Souffront, who is not the appellee in the proceedings, and to the clerk of the court, without specifying to which clerk of court it is addressed.

As clearly shown by the record, Mr. Souffront is the attorney for the plaintiff. He appeared in behalf of the plaintiff before the lower court, and before this court to argue the appeal. Section 296 of the Code of Civil Procedure provides that the notice of appeal should be served on the adverse party or his attorney. Mr. Souffront acknowledged service in his capacity as attorney for the plaintiff. There can be no better or clearer evidence to prove that the statutory requirements have been complied with.

It is true that the name of the court was omitted from the notice of appeal, which appears addressed exclusively to the clerk of the court and to Mr. Oscar Souffront, but it is no less true that there is evidence in the record to show that this notice of appeal was filed in the office of the clerk of the District Court of Mayagüez. Mr. Oscar Souffront, attorney for the plaintiff, and Mr. Gilberto López de Victoria, attorney for the defendant, certified to that fact in authorizing with their signatures the transcript of the record, which included the notice of the appeal taken from the order approving the memorandum of costs. Without doubt, it appears that the purpose of the law has been satisfied, and hence a dismissal of the appeal upon the ground urged does not lie.

The plaintiff further urges that the appeal should be dismissed as frivolous.

The defendant states in his brief that the District Court of Mayagüez erred in allowing $400 for attorney's fees, because said amount was excessive in relation to the degree of obstinacy attributed to the defendant-appellant. Judgment was rendered in the instant case in favor of the plaintiff for $850. The sum of $400 was granted as attorney's fees, and $29 for costs and disbursements. The appellant urges that appellee's cause of action was based on the third paragraph of section 1803 of the Civil Code of Puerto Rico (1930 ed.). The appellant further states that he was not present at the time of the accident, and that he does not know from personal knowledge how the facts occurred; and he argues that although the pronouncement of costs made by the lower court was affirmed on appeal, he has a right to discuss the degree of obstinacy attributed to the defendant with reference to the amount granted, which he considers excessive.

We are of opinion that the dismissal of the appeal on the ground that it is frivolous, does not lie.

The plaintiff-appellee suggests that if from the foregoing arguments this court believes that a reduction in the amount

allowed for attorney's fees should be made, said plaintiff-appellee consents to any reduction that this court may consider as just, and to the affirmance of the order after it has been notified, all of which would be conducible to the benefit of both parties and a speedy administration of justice. Although the suggested solution seems to be fair, however, this court can not, within a motion to dismiss the appeal, render the order proposed by the plaintiff.

The motion to dismiss the appeal must be denied.